ORIGINAL

Neal K. Ostler
782 E. 8230 So.
Sandy, Utah 84094
Day Telephone:(801)566-6128
　　　　　Plaintiff, pro se

FILED
CLERK, U.S. DISTRICT COURT
25 JUN 01 AM 11: 11
DISTRICT OF UTAH
BY:_____
　DEPUTY CLERK

RECEIVED CLERK
APR 2 5 2001
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| NEAL K. OSTLER,<br><br>　　　　Plaintiff, pro se<br><br>vs.<br><br>STATE OF UTAH and the following Departments of the State of Utah: THE DEPARTMENT OF TRANSPORTATION, THE DEPARTMENT OF HUMAN SERVICES, THE DEPARTMENT OF CORRECTIONS, THE DEPARTMENT OF COMMERCE, THE DEPARTMENT OF NATURAL RESOURCES, THE STATE TAX COMMISSION, THE DEPARTMENT OF WORKFORCE SERVICES, THE STATE BOARD OF PARDONS, THE COMMISSION ON JUVENILE JUSTICE, THE DEPARTMENT OF PUBLIC SAFETY, and MANAGEMENT & TRAINING CORP. a Sub-Contractor of The State of Utah,<br>　　　　Defendants. | **COMPLAINT**<br><br>**2:01 CV 00291 C**<br>Civil No._____ |

### A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination, for civil rights violations pursuant to 42 U.S.C. §1983, and pursuant to The U.S. Constitution. Jurisdiction is specifically conferred on this Court by 42 U.S.C.

1

§2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1981 et seq.

## B. PARTIES

All parties are Departments, Agencies, or Sub-Contractors for the State of Utah acting under authority of The Utah State Constitution and under direction of The Utah State Legislature. All individuals involved were "acting under color of state law" as they are or were at the time the alleged incidents occurred either state officials, state employees, or someone acting under authority granted them by the state.

Under the Utah Rules of Administrative Procedure, the Utah Attorney General's Office will represent all state agencies and can be contacted at:

> Utah Attorney General
> 236 State Capitol
> S.L.C., Utah 84114-0810

The remaining defendant named in this complaint is:

> Management & Training Corp
> 3293 Harrison Blvd
> Ogden, Utah 84409

## C. NATURE OF CASE

1. The Plaintiff, Neal K. Ostler, is a citizen of Utah and at the time each count occurred when he was seeking employment he resided in Salt Lake County, Utah. Each defendant in their own way has refused to allow Mr Ostler to participate in the equal opportunity employment recruitment process within their respective Department and have denied him employment for which he is fully qualified and for which he made complete and timely application.

2

2. In each instance the alleged discriminatory act occurred at the defendants registered business address. While the original incidents occurred at various times over the past several years, each either originally occurred or was repeated most recently in the Fall and Early Winter of 2000 and continue to occur at the present time.

3. In a telephone interview, Plaintiff was initially rejected by The Utah Industrial Commission, Office of Anti-Discrimination., Mr Ostler felt this treatment by the intake officer was understandable as he believed they would not be objective anyway in hearing his complaint since the defendants are all Utah State Agencies and if he were applying for a position with their agency would have likely treated him in the same fashion as the defendants.

4. In consequence, the Plaintiff filed separate but related charges regarding discriminatory conduct against all of the defendant's on the same occasion directly with the Equal Employment Opportunity Commission on or about 23 January, 2001,

5. The Equal Employment Opportunity Commission sent the Plaintiff the attached "Notice(s) of Right Sue" on or about March 23rd, 2001. Copies of said documents are attached collectively and identified as **Exhibit A** to this complaint.

6. The discriminatory acts and civil rights violations that are the basis of this suit are: Failure to employ Mr Ostler but, even more fundamentally in most instances, failure to allow him to fully participate in the open recruitment competitive process for "equal opportunity" positions in public agencies. The Plaintiff believes there is a conspiracy throughout Utah law enforcement to keep him from being employed in a public safety position as will be demonstrated by the facts.

7. Defendant's conduct is unlawful. Plaintiff has been denied hire and is being discriminated against by the Defendants in violation of his civil rights as a citizen of the United States of America. Mr Ostler is not being afforded an opportunity to participate in the competitive open recruitment

process and is thus being denied access to tax payer supported programs, a right that is afforded to every individual citizen by U.S. Constitution and guaranteed by it's 14th Amendment.

8. This most recent round of violations and discriminatory acts actually constitute the third round for many of the Defendants and, therefore, it is reasonable for the Plaintiff to believe the Defendants are still committing these acts against him.

### D. CAUSE OF ACTION

9. Plaintiff alleges that the Defendant(s) have discriminated against him by not giving him equal and fair treatment as an applicant and thus have violated his constitutional rights, privileges or immunities as a U.S. Citizen.

10. Plaintiff asserts that the minimum qualifications published for each position were either matched or exceeded by the work history, education, and experience elaborated in his personal resume on file with the State Department of Human Resources, a copy is attached to this complaint and identified as **Exhibit B**.

The following Counts are drawn from the supportive facts narrated in Plaintiff's Affidavit #1, attached to this complaint.

**Count I:** The Department of Human Services has denied him opportunity to compete and/or hire him as a Welfare Fraud Investigator.

**Count II:** The Department of Transportation has denied him opportunity to compete and/or hire him in several positions, namely that of: Environmental Officer, Safety Program Coordinator, Safety Investigator and Port of Entry Agent.

**Count III:** The Department of Human Services has denied him opportunity to compete and/or hire him as an Office of Recovery Services Agent.

4

**Count IV:** The Department of Corrections has denied him opportunity to compete and/or hire him as a Correctional Investigative Technician.

**Count V:** The Department of Commerce has denied him opportunity to compete and/or hire him as a Securities Investigator.

**Count VI:** The Department of Natural Resources has denied him opportunity to compete and/or hire him as a Park Ranger.

**Count VII:** The Department of Human Services has denied him opportunity to compete and/or hire him as a Youth Corrections Technician and as a Training Technician.

**Count VIII:** The State Tax Commission has denied him opportunity to compete and/or hire him as a Motor Vehicle Enforcement Director.

**Count IX:** The Department of Workforce Service has denied him opportunity to compete and/or hire him as a Trainer.

**Count X:** The State Board of Pardons has denied him opportunity to compete and/or hire him as a Hearing Officer.

**Count XI:** The Utah Commission on Juvenile Justice has denied him opportunity to compete and/or hire him as a Crime Victim Reparations Officer.

**Count XII:** The Department of Public Safety has denied him opportunity to compete and/or hire him as a Highway Patrolman on multiple occasions and for a number of other positions with the title(s) as yet unknown to the Plaintiff but for which he was referred to by the DHRM computer.

**Count XIII:** The Management and Training Corporation has denied him opportunity to compete and/or to hire him as a Corrections Sargent and as a Corrections Training Lieutenant.

## E. INJURY

11. Plaintiff has earned a comparable annual salary to what he would have been making had he been allowed to fairly compete and be hired into a public safety position, and so does not claim damages from loss of salary for the years 1996 to late 2000.

12. However, Plaintiff has been injured by not being able to participate in his Utah Public Safety Retirement, actually since 1992 when he would have first been eligible for a 50% retirement that would have earned him a net annual benefit of around $17,000 a year based on his earnings and months in service at that time.

13. Plaintiff's first efforts to get re-hired occurred right after his wrongful termination in 1990 and such facts will be part of his testimony in against many of the defendants in this case. However, he settled that case in 1996 for a sum of money, of which a third (⅓) went to pay his attorney, but, again, he feels it is probably fair to call it even for past periods up until August of 1996.

14. Plaintiff was provided a "letter of reinstatement" in consideration of settling his 1993 lawsuit but learned right afterward, that same Fall of 1996, that he would need two more years of actual public safety employment to be eligible to start his retirement. Those two years would have been earned between 1990 and 1992, had he not been terminated. Furthermore, by 1996, the Plaintiff would have qualified for a 24 year retirement, asserts that he was slated for a full grade promotion at the time of termination and would have been promoted at least one more time during that interval of time had he not wrongfully lost his career. Plaintiff estimates the salary he would have been making in 1996 at approximately $42,000 per year.

15. Using a 24 year retirement rate of 58%, for the years of 1996 to 20001, the benefits that have been denied the Plaintiff total $121,800. This amount represents five years of retirement at $24,360.00 per year, not including interest.

6

16. In addition, failure to hire the Plaintiff during this most recent job hunt cycle has cost him a loss of income. In early December 2000, Plaintiff registered with the Department of Workforce Services and made application for Unemployment Insurance benefits. During the 4th Quarter of 2000 and the first two months of 2001, Mr Ostler had less than $2,500 net income and he is currently in default on his home loan and on the mortgage on his rental home where he previously resided. Both homes are in forced "short" sale and in process of being foreclosed upon.

17. The Plaintiff had a right to expect to be hired right away and would have been able to have netted approximately $3,000 each month during December of 2000, during January and February and the first half of March of 2001. Plaintiff's business has now recovered somewhat but his estimated loss during the above period of time is approximately $10,000.00

### F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

18. There have been other lawsuits filed in the 3rd District Court of Utah for incidents that deal with similar facts that are involved in this action.

☐ In the Fall of 1998, Plaintiff filed a complaint "pro se" against Salt Lake County (Case No. 980908729)in the 3rd District for failure to allow him to fully participate in the hiring process for the position of Manager of Animal Control Services. The case was dismissed for reasons relating to the statute of limitations.

☐ In the Fall of 1999, Plaintiff filed a complaint "pro se" against the Department of Natural Resources (Case No. 00900332) for failure to allow him to fully participate in the hiring process for the position of Conservation Officer. Judge Sandra Peuler dismissed the case on or about the 8th of March, 2001, for reasons of governmental immunity and statute of limitations provisions.

☐ There is currently a case filed "pro se" by the Plaintiff against The Salt Lake Community College (Case No. 990907653) being handled by Judge Iwasaki of the 3rd District Court of Utah.

The matter is currently in the "discovery" phase and Mr Ostler is being represented by counsel, namely David J. Holdsworth

☐ In July of 1998, the Plaintiff was denied the position of Police Officer by Salt Lake City and Mr Ostler was granted a Civil Service Commission hearing held the following January, 2000. The Commission rendered Mr Ostler a direct decision of denying his grievance but have never rendered him anything in writing despite his request.

19. There are also numerous other cases in which identical charges with this case could be filed but each have a somewhat different factual basis. These include alleged violations of Plaintiff's rights by South Salt Lake Police Department, Summit County Sheriff's Office, Park City Police Department, Utah County Attorney Investigative Division, Salt Lake City Airport Authority, Vernal Police Department, Uintah County Sheriff's Office, University of Utah, and on and on, ad nauseam.

20. In many of the above cases there was compliance with the Utah Governmental Immunity laws that require "Notice of Claim" to allow possible investigation and settlement of Plaintiff's claims, however in most every instance he has been entirely ignored by the respective agencies and received no response.

## G. REQUEST FOR RELIEF

21. Plaintiff believes he is entitled to the following relief:

* $121,800.00 plus interest for loss of his retirement benefits between 1996 and present,

* $10,000.00 for the loss of income during the winter months of 2000-2001,

* Any costs that have been accrued to litigate this matter,

* Fees for legal counsel, and

* Any other reasonable and just sums the Court deems equitable and for which the Plaintiff may be entitled by law.

8

## H. SUMMARY

22. Plaintiff believes that there is a conspiracy among the good ole boy network of law enforcement to keep him from every being hired and, consequently, from ever being allowed to qualify for the needed amount of service to be eligible for his Public Safety Retirement. He believes and asserts that the Defendants are sharing "blacklist" information against him contrary to both Federal Law as well as Utah State Constitutional Law that forbids such interference with the rights of every citizens who need to be gainfully employed, be able to rightfully pursue the career of their choice, and be allowed the right to at least participate in the competitive employment with the expectation that the best qualified person is hired to any "equal opportunity" position.

23. The state, should they choose to oppose this lawsuit, is going to have to argue that Mr Ostler is not entitled to "equal opportunity" because there is no case law that Plaintiff can cite to support the above claims and no case law that clearly requires public employers to treat every person fairly unless, of course, that person belongs to one of the historically protected civil rights groups. The state is going to have to argue that Plaintiff is not entitled to equal protection of the law and to equal opportunity to participate in government supported activities because he is not a member of one of those historically protected groups. The state is going to have to argue that Mr Ostler is a White Anglo-Saxon Protest Male, and therefore not entitled to all of the same rights afforded to every individual by our Constitution simply because there is no precedent in the Courts, at least no precedents that Plaintiff can find in this early stage of the process.

24. Although he could not "check the block" on the complaint form, representatives of the EEOC, and other private attorneys, have told Mr Ostler that "of course you have the same constitutional rights but trying to have them protected by the Courts is going to require the writing

9

of new case law" and so wish the Plaintiff "good luck" and "have a nice day" but then show him directly to the door.

25. Mr Ostler believes the ultimate determination in the U.S. Courts will be that all individual citizens are to be afforded each and every right and entitlement provided for in our Constitution regardless of who they are as long as they are law abiding.

26. Plaintiff therefore asks this U.S. Court for Central Utah to accept this complaint and allow it to be heard upon the facts and on it's merits.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.

(28 U.S.C. § 1746; 18 U.S.C. § 1621)

Executed at _____ on _____ day of April, 2001.

*Neal K Ostler*

**NEAL K. OSTLER**

Plaintiff, pro se